UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

Gabriel Adam Alexander Luthor, *also
known as Gabriel Adam Alexander
Langford*, and Elizabeth Christine Brown,

Defendants.

File No. 25-cr-88 (ECT/LIB)

**ORDER**

Defendants have filed a Joint Motion to Disqualify Under 28 U.S.C. § 455(a). ECF No. 104. They argue disqualification is appropriate because I presided over a case involving B.S., a former Chief Executive Officer of Golden Victory Medical, Defendants' business. *Id.* at 1, 5–8; *Stewart v. Golden Victory Med. LLC*, No. 22-cv-2145 (ECT/LIB), 2024 WL 1285920 (D. Minn. Mar. 26, 2024). Defendants expect B.S. to testify in the present matter, in which they are charged with defrauding the Government through GVM's alleged false billings. ECF No. 104 at 5; ECF No. 1 ¶¶ 1–6. They believe my prior credibility findings and granting of damages go "to issues that will be presented in the criminal case related to Golden Victory Medical and whether Mr. Luthor and Ms. Brown intentionally defrauded the Government." ECF No. 104 at 8. Defendants do not claim actual bias, but only that there is a reasonable question of impartiality. *See id.* at 3 n.2, 4.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C.

§ 455(a). "The test for recusal is whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all of the relevant facts of a case." *United States v. Aldridge*, 561 F.3d 759, 764 (8th Cir. 2009) (citation modified).

In the prior case, B.S. sued Golden Victory for retaliation under the False Claims Act and breach of contract. *Stewart*, 2024 WL 1285920, at *1. Default was entered against Golden Victory, and B.S. moved for default judgment under Federal Rule of Civil Procedure 55(b). *Id.* In that posture, a court must accept the complaint's factual allegations as true. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). My acceptance of B.S.'s factual allegations, in that procedural posture, would not lead an average, informed person to conclude that there is a reasonable question of impartiality. *Compare Stewart*, 2024 WL 1285920, at *1–2 (stating allegations), *with* ECF No. 104 at 5–6 (repeating allegations).

Defendants identify credibility findings as well, but these do not show a reasonable question of bias. I found that B.S. "engaged in lawful acts to stop Golden Victory's overbilling practices"; that his "subjective belief that Golden Victory was defrauding the government was objectively reasonable, given pending government inquiries into Golden Victory's billing practices and a 54-page independent report finding systematic billing and coding errors"; that he "strongly communicated the risks of civil and criminal liability" to Mr. Luthor and Ms. Brown; that he "inform[ed] the owners directly about his ongoing remediation efforts"; that he "adequately allege[d] that Golden Victory's stated reasons for termination . . . were pretextual"; and that the "taken as true allegations describe a termination without cause." ECF No. 104 at 6–7 (italics removed) (quoting *Stewart*, 2024 WL 1285920, at *4–6). Many of these statements are not credibility findings at all. Some

2

are taken-as-true allegations.  *See* Complaint ¶¶ 20–28, *Stewart*, 2024 WL 1285920 (ECF No. 1) (alleging lawful acts to stop overbilling and B.S.'s communication about liability risks and remediation efforts).  The conclusion that B.S. adequately stated his two claims is not a determination of his credibility, but a finding that "the unchallenged facts constitute a legitimate cause of action."  *Murray*, 595 F.3d at 871 (quoting 10A *Wright & Miller's Federal Practice & Procedure* § 2688 (3d ed. 1998)).  The finding that B.S.'s subjective belief was objectively reasonable, based on the taken-as-true allegations, does not reasonably put impartiality into question.  *See Stewart*, 2024 WL 1285920, at *2, *4. Defendants do not explain how my determination of damages would justify disqualification, and having reviewed that portion of the default-judgment order, I conclude it would not.[1]  Finally, and perhaps most importantly, B.S.'s credibility at trial will be determined by the jury, not me.  *See United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993) (finding judge's impartiality could not reasonably be questioned where he "was not called upon to evaluate the credibility of [the witness] because [the defendant] was tried by a jury"); *Smith v. City of Chicago*, No. 21 CV 1159, 2024 WL 2722620, at *14 (N.D. Ill.

---

[1]     Defendants also mention my "specific findings" about "the emotional havoc B.S. experienced as a result of [Golden Victory's] [c]onduct," though they do not explicitly argue those findings justify disqualification.  ECF No. 104 at 3.  I heard evidence of B.S.'s emotional damages and concluded that B.S. was "both credible and convincing" based on his own testimony, a letter from his close friend, and a letter from his wife.  *Stewart*, 2024 WL 1285920, at *9.  If Defendants believe this finding raises a question of bias, I disagree. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.").  Evidence of B.S.'s emotional damages was undisputed, came from multiple witnesses, and pointed in one direction.

May 28, 2024) (declining to recuse where "it will be for the jury (and not for [the court]) to assess" witness credibility).

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT** Defendants' Joint Motion to Disqualify Under 28 U.S.C. § 455(a) [ECF No. 104] is **DENIED**.

Dated:  May 13, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court